# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL BARHAM, an individual; and URBAN NEIGHBOURHOOD, an entity of unknown origin and nature,<br><br>Defendant. | Case No.: 2:10-cv-02150-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6;<br>Motion to Dismiss–#14) |

      Before the Court is Defendant Daniel Barham's **Motion to Dismiss** (#6, filed Jan. 11, 2011), based on a lack of subject matter jurisdiction. The Court has also considered Plaintiff Righthaven LLC's Opposition (#8, filed Jan. 25, 2011), and Barham's Reply (#12, filed Feb. 24, 2011).

      Also before the Court is Righthaven's **Motion to Dismiss or Strike Counterclaim** (#14, filed Feb. 28, 2011), based on a failure to state a claim, or alternatively, because the counterclaim is redundant. Barham did not respond.

/

**BACKGROUND**

This dispute arises out of Barham's alleged copyright infringement of a Las Vegas Review-Journal ("LVRJ") illustration. Barham operates a website called Urban Neighbourhood. This website discusses global architectural issues. In October 2010, Barham published a post which included an illustration entitled "Vdara death-ray," which had originally been published by the LVRJ. Righthaven claims that it purchased the rights to this illustration sometime after Barham republished it. Righthaven then brought suit against Barham and his website in December alleging copyright infringement. Barham answered the complaint in February 2011, and also brought a declaratory judgment counterclaim seeking a declaration of non-infringement.

In a separate case before this Court, Stephens Media, the original owner of "Vdara death-ray," disclosed the Strategic Alliance Agreement ("SAA") entered into between Stephens Media and Righthaven which governs future assignments from Stephens Media to Righthaven and the relationship between them.[1] Stephens Media and Righthaven entered into the SAA in January 2010, prior to Stephens Media assigning "Vdara death-ray" to Righthaven. For the reasons discussed below, the Court grants Barham's motion and dismisses Righthaven's complaint for lack of standing, however, the Court also grants Righthaven's motion and dismisses Barham's counterclaim for lack of standing.

**DISCUSSION**

Recently this Court determined that Righthaven lacked standing to pursue copyright infringement claims based on assignments made under the SAA because the SAA prevents subsequent assignments from transferring "the exclusive rights necessary to maintain standing in a copyright infringement action." *Righthaven v. Democratic Underground*, 2:10-cv-01356-RLH-GWF, --- F. Supp. 2d ---, 2011 WL 2378186 at *6; *see also Righthaven v. Hoehn*, 2:10-cv-00050-

---

[1] The Court takes judicial notice of the following cases and directs the reader to these cases for further information regarding the background of the SAA: *Righthaven v. Democratic Underground*, 2:10-cv-01356-RLH-GWF, --- F. Supp. 2d ---, 2011 WL 2378186 (D. Nev. June 14, 2011) and *Righthaven v. Hoehn*, 2:10-cv-00050-PMP-RJJ, --- F. Supp. 2d ---, 2011 WL 2441020 (D. Nev. June 20, 2011).

AO 72
(Rev. 8/82)

PMP-RJJ, --- F. Supp. 2d ---, 2011 WL 2441020 at *6 (D. Nev. June 20, 2011). The standing issues in this case are the same as those in *Democratic Underground* and *Hoehn*. Because the issues are the same, the same analysis applies and the Court directs readers to the reasoning in those cases on the issue of standing. As the Court did in both of those cases, the Court dismisses Righthaven for lack of standing.

The Court, however, also grants Righthaven's motion and dismisses Barham's counterclaim. First, the Court could grant Righthaven's motion as unopposed. However, the Court also grants the motion based on its above analysis that Righthaven does not have standing to assert its copyright infringement claim. As Righthaven does not hold the "Vdara death-ray" copyright, Barham lacks standing to assert his claim against Righthaven just as Righthaven lacks standing to assert its purported claim. Accordingly, the Court grants Righthaven's motion and dismisses Barham's counterclaim for a lack of standing.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Barham's Motion to Dismiss (#6) is GRANTED.

IT IS FURTHER ORDERED that Righthaven's Motion to Dismiss (#14) is GRANTED. As no claims remain outstanding, the Clerk of the Court is directed to close this case.

Dated: June 22, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**